IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS J. FOX and JODI L. FOX,   )
his wife,   )
              Plaintiffs   )
   )
       vs.   )   Civil Action No. 06-1010
   )   Judge Terrence F. McVerry/
LAWRENCE COUNTY JAIL,   )   Magistrate Judge Amy Reynolds Hay
           Defendant   )
   )
   and   )
   )
PRIMECARE MEDICAL, INC.,   )
        Additional Defendant   )   RE: Dkt. [24]

REPORT AND RECOMMENDATION

RECOMMENDATION

It is recommended that the motion to dismiss filed by PrimeCare Medical, Inc. be denied.

REPORT

Thomas J. Fox and his wife, Jodi L. Fox, have brought suit against Lawrence County Jail

and PrimeCare Medical, Inc. ("PrimeCare"), who had contracted to provide medical personnel at

the jail, pursuant to 42 U.S.C. § 1983 on a claim of deliberate indifference to the serious medical

needs of Thomas J. Fox ("Plaintiff") and on a state law claim of negligence.  Presently before the

Court for disposition is the motion to dismiss filed by PrimeCare.

The facts set forth in the Amended Complaint[1] are as follows.  Plaintiff was incarcerated

in the Lawrence County Jail on an outstanding warrant.  On April 8, 2005, at approximately 8:30

p.m., two other inmates struck Plaintiff.  Approximately fifteen minutes later, a corrections office

found Plaintiff on the floor outside his cell.  Thereafter, several corrections officers and the on-

---

[1]  See Dkt. [15].

duty nurse observed Plaintiff.  He had visible red marks on his jaw and a large bump on the back of his head.  He was bleeding from his mouth and the back of his head.  He was noticeably disoriented and incoherent.  Two off-duty Lawrence County Sheriff's deputies were contacted to transport Plaintiff to the emergency room at Jameson Hospital.  The deputies left the jail with Plaintiff at approximately 9:30 p.m. and arrived at the emergency room at approximately 9:45 p.m.  The emergency room staff evaluated Plaintiff and determined that he required a life flight transport to the University of Pittsburgh Medical Center.  Plaintiff suffered severe and permanent brain damage.[2]

### Standard of Review

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007)(rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), i.e., that a complaint would not be dismissed "unless it appear[ed] beyond doubt that the plaintiff [could] prove no set of facts in support of his claim which would entitled him to relief").  Under the new plausibility standard, to survive a Rule 12(b)(6) motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level."  Id. at 1965.  The complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true.  Estelle v. Gamble, 429 U.S. 97 (1976). The issue is not whether the plaintiff will prevail at the end but only whether he should be

---

[2]  The Court has been informed recently that Plaintiff died on August 25, 2007.

entitled to offer evidence to support his claim.  Neitzke v. Williams, 490 U.S. 319 (1989);

Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### Discussion

The Supreme Court has held that "deliberate indifference to serious medical needs of

prisoners constitutes the unnecessary and wanton infliction of pain ... proscribed by the Eighth

Amendment."  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  "Deliberate indifference" occurs

when a prison "official knows of and disregards an excessive risk to inmate health or safety; the

official must both be aware of facts from which the inference could be drawn that a substantial

risk of serious harm exists and he must also draw the inference."  Farmer v. Brennan, 511 U.S.

825, 837 (1994).

In addition, a "serious medical need," within the meaning of Estelle, has been explained

by the Court of Appeals for the Third Circuit as follows:

> A medical need is "serious," in satisfaction of the second prong of the Estelle test,
> if it is "one that has been diagnosed by a physician as requiring treatment or one
> that is so obvious that a lay person would easily recognize the necessity for a
> doctor's attention."  Pace v. Fauver, 479 F.Supp. 456, 458 (D.N.J. 1979), aff'd,
> 649 F.2d 860 (3d Cir.1981); accord Laaman v. Helgemoe, 437 F.Supp. 269, 311
> (D.N.H.1977).  The seriousness of an inmate's medical need may also be
> determined by reference to the effect of denying the particular treatment.  For
> instance, Estelle makes clear that if "unnecessary and wanton infliction of pain,"
> 429 U.S. at 103, results as a consequence of denial or delay in the provision of
> adequate medical care, the medical need is of the serious nature contemplated by
> the eighth amendment.  See id. at 105.  In addition, where denial or delay causes
> an inmate to suffer a life-long handicap or permanent loss, the medical need is
> considered serious.

Monmouth County Correctional Institutional Inmates v. Lanzaro,  834 F.2d 326, 347 (3d Cir.

1987).

PrimeCare argues that Plaintiff has failed to allege any act attributable to PrimeCare that would constitute deliberate indifference.  More specifically, PrimeCare argues that Plaintiff's allegations against it amount to a mere disagreement about the proper course of treatment he should have received, i.e., disagreeing with the decision to call Sheriff's deputies to transport him to the hospital rather than calling an EMT or ambulance service.  PrimeCare argues that courts have held that such disagreements do not amount to deliberate indifference.

Mere disagreement as to the particular medical treatment to be provided to an inmate is not sufficient to establish a Constitutional violation.  See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004).  However, Plaintiff's claim here is not that he was denied a particular treatment but, rather, that he was essentially denied medical treatment altogether when EMTs or an ambulance service was not called immediately to transport him to the hospital.

> Medical personnel of PrimeCare Medical, Inc. knew or had reason to know of Plaintiff's particular medical needs and/or vulnerabilities because:
>
> a.  Plaintiff had visible red marks on his jaw and a large bump on the back of his head;
> b.  Plaintiff was bleeding from his mouth and the back of his head;
> c.  Plaintiff was noticeably disoriented when found in his cell; and
> d.  Plaintiff was incoherent.
>
> Despite the above knowledge, nursing staff failed to call EMTs or an ambulance service, instead choosing to call off duty Sheriff's Deputies to transport Plaintiff to the hospital.

Amended Complaint, ¶¶ 50, 51.

In our view, the Amended Complaint meets the standard under Bell Atlantic, Inc. V. Twombly, i.e., Plaintiff has alleged sufficient facts to establish a right to relief "above the speculative level."  127 S.Ct. 1955 at 1965.  Plaintiff claims that PrimeCare personnel observed his condition, which indicated an obvious need for immediate transport to obtain immediate

4

medical treatment.  Arguably, the failure to arrange for an immediate transport to the emergency room delayed critical medical treatment and resulted in "unnecessary and wanton infliction of pain."  Estelle, 429 U.S. at 103.  See, e.g., Dixon v. Peters, 1994WL48637, at *2 (N.D.Ill. Feb. 15, 1994)("First, we do not ascribe to the view that deliberate indifference to a serious medical need, if brief, does not violate the constitution.  Indeed, where the injury is serious and painful, 'it may be that deliberately indifferent delay, no matter how brief, would render defendants liable as if they had inflicted the pain themselves.'" (quoting  Brown v. Hughes, 894 F.2d 1533, 1538 (11th Cir. 1990)); see also Wood. v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)("Prison officials are deliberately indifferent to a prisoner's serious medical needs when they 'deny, delay, or intentionally interfere with medical care.'")(quoting  Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988)).

Viewed in the light most favorable to the Plaintiff and taking the factual allegations as true, the Amended Complaint sufficiently states a claim under Section 1983 at this stage in the litigation.  Accordingly, PrimeCare's motion to dismiss should be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/  *Amy Reynolds Hay*
United States Magistrate Judge

Dated: 24 September, 2007

cc:     Hon. Terrence F. McVerry
        United States District Judge

        All counsel of record by Notice of Electronic Filing